**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|                          |   |                    |
|--------------------------|---|--------------------|
|                          | ) |                    |
| **MIGUEL A. MORALES,**   | ) |                    |
|                          | ) |                    |
| **Plaintiff,**           | ) |                    |
|                          | ) | **Civil Action No.** |
| **v.**                   | ) | **14-11998-IT**    |
|                          | ) |                    |
| **LINDA GILES, et al.,** | ) |                    |
|                          | ) |                    |
| **Defendants.**          | ) |                    |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons set forth below, plaintiff's complaint is hereby dismissed without prejudice.

### I.      Procedural  Background

On April 28, 2014, plaintiff Miguel A. Morales ("Morales"), an inmate confined to the Souza Baranowski Correctional Center, filed a *pro se* complaint.    Because the complaint was filed without payment of the filing fee, Morales was given twenty-one days to either pay the fee or file an Application to Proceed in District Court without Prepaying Fees or Costs accompanied by a copy of his prison account statement. *See* 07/17/14 Procedural Order, Docket No. 3.  The Procedural Order was mailed to Morales with a blank form Application to Proceed in District Court without Prepaying Fees or Costs. *Id.*

To date, Morales has not paid the fee or filed an Application to Proceed in District Court without Prepaying Fees or Costs.  Instead, he has filed a document entitled Affidavit and Motion for Leaving the Prison to Transfer to Another Prison in Order to Proceed In Forma Pauperis

correctly." *Id.* In this motion, Morales explains that because he previously filed three civil actions in 2013, the prison treasurer has frozen his prison account. *Id.* Morales seeks to be "transferred to another facility where he can personally access the photocopying machine whenever he needs it to avoid a conflict of interest." *Id.* at p. 1. Morales has provided a copy of his prison account statement.

**II.    Plaintiff's Complaint is Subject to Dismissal for Failure to Comply with the Court's Procedural Order**

As the court has previously explained, a party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee[1], see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). The court cannot consider Morales' complaint and motion without either payment of the filing fee or an Application to Proceed in District Court without Prepaying Fees or Costs.

Morales' assertion that his prison account has been frozen does not excuse his failure to submit the requirement application. Moreover, as is evident from Morales' submission, he is aware of this requirement from his prior proceedings in this court. *See Morales v. Spencer,* C.A. No. 13-11977-FDS; *Morales v. Mass Partnership for Correctional Health*, C.A. No. 13-12754-NMG.

**III.    Effect of the Dismissal Without Prejudice**

Pursuant to 28 U.S.C. § 1915(g), a prisoner is not permitted to proceed *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Two of the cases Morales listed in his affidavit are prior dismissals for purposes of this statute. *See Morales v. Spencer,* C.A. No. 13-11977-FDS (dismissed for failure to state a claim; Jun. 27, 2014); *Morales v. Mass Partnership for Correctional Health*, C.A. No. 13-12754-NMG (dismissed without further opportunity to amend; Sept. 25, 2014). Because the dismissal in this case for failing to pay the filing fee or submit an application for leave to proceed without prepayment of fees is without prejudice, it does not count as a third dismissal.

## IV.     Further Proceedings

In the event that Morales seeks to refile his complaint, he is reminded that his complaint will be subject to screening pursuant to 28 U.S.C. § 1915A and may result in a third dismissal for purposes of 28 U.S.C. § 1915(g)'s limitation on future actions. Moreover, under 28 U.S.C. § 1915A, the Court is required to conduct a threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. A preliminary review of the complaint as drafted suggests that it would be dismissed under this standard, and would then constitute a third dismissal for failure to state a claim upon which relief may be granted.

## V.     Conclusion

Based on the foregoing, it is hereby Ordered that:

This action is hereby be dismissed without prejudice for failure to pay the filing fee or to file an Application to Proceed in District Court Without Prepaying Fees or Costs as previously

directed by the court.  If Morales refiles the instant complaint as a new action, it shall be designated as related to the above-captioned case.

**So ordered.**

 /s/ Indira Talwani
Indira Talwani
United States District Judge

Dated:  December 4, 2014